## Kuntz's Appeal

*M. Edward Toner*, for appellant.

*Frederick Y. Dietrick*, assistant district attorney, for Commonwealth.

WILLIAMS, J., May 3, 1951.—The Secretary of Revenue, Commonwealth of Pennsylvania, has permanently suspended the operating privileges of William S. Kuntz, giving as the reason: "incompetent operator".

A hearing was held and testimony was introduced by the Commonwealth showing that in March 1950 defendant was arrested for speeding near Lewisburg, and on the same day for speeding south of Carlisle. He was also arrested for making an improper pass near Lewisburg. Found guilty, he paid a fine for these three offenses.

The only other testimony was that he had previous arrests which show a long series of violations by defendant, beginning in 1931. On at least four occasions his operating privileges had been revoked.

There was no testimony to show that he could not operate an automobile in a competent manner, in fact the only testimony as to his competency was by a witness he, himself, called, and who stated that defendant could operate a motor vehicle with competency.

· It has been held that the Secretary of Revenue has no authority to suspend a motor vehicle operator's license because such operator is an habitual violator of The Vehicle Code. Commonwealth v. Miller, 67 D. & C. 46. There is authority to suspend operator's license because of incompetency. A habitual violator is not necessarily incompetent as a driver. Incompetency has been defined as the general lack of capacity or fitness. No testimony has been introduced to show defendant lacked the special qualities required for driving an automobile. Even though defendant has a bad record, we have to sustain his appeal. It is the suggestion of the court that the operating privileges

of defendant be suspended for speeding and for improper passing. The Legislature of Pennsylvania has not given the Secretary of Revenue the authority to do more in this case. The secretary should be guided by the authority given him by the legislature.

Defendant has given as his reason for speeding the fact that he was traveling to North Carolina because of the serious illness of a member of his wife's family. Such reason had nothing to do with the ruling of the court.

## Findings of Fact

The court makes the following findings of fact:

1. That in March 1950 defendant on two separate occasions was driving an automobile on the public highway at a speed greater than 50 miles an hour.

2. That in March 1950 defendant improperly passed an automobile on the public highway.

3. That defendant had a series of previous arrests for motor violations beginning in 1931 and ending in March 1946.

4. That on at least four occasions the operating privileges of defendant have been suspended.

## Conclusions of Law

The court makes the following conclusions of law:

That testimony introduced before the court in the above entitled case is insufficient to sustain a permanent revocation of operating privileges on the ground of "incompetency".

## Order of Court

And now, May 3, 1951, the appeal in the above-entitled case is *sustained*, and the Secretary of Revenue is directed to issue an operator's license to defendant unless proper suspension actions are taken for speeding.